# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY LEON GREENHILL, | 1:07-CV-00645 AWI NEW (DLB) HC |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATION |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of coram nobis.

**DISCUSSION**

Coram nobis is an extraordinary writ that is usually available only to petitioners who have fully served their sentences. See United States v. Monreal, 301 F.3d 1127, 1131, 1132 (9th Cir. 2002); Telink, Inc. v. United States, 24 F.3d 42, 45 (9th Cir.1994). "The United States Supreme Court has held that district courts have the power to issue the writ under the All Writs Act, 28 U.S.C. § 1651(a)." Matus-Leva v. United States, 287 F.3d 758, 760 (9th Cir.2002) (citing United States v. Morgan, 346 U.S. 502, 506-07, 74 S.Ct. 247 (1954)). To warrant coram nobis relief, the petitioner must establish that: (1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the

case or controversy requirement of Article III; and (4) the error is of a fundamental character. See Monreal, 301 F.3d at 1132, Matus-Leva, 287 F.3d at 760.

Although this Court has the inherent power to issue the writ, such a remedy is only available to challenge *federal* convictions. Yasui v. United States, 772 F.2d 1496, 1498 (9th Cir. 2002 1985). As the Ninth Circuit explained:

> The writ of error coram nobis fills a void in the availability of post-conviction remedies in federal criminal cases. A convicted defendant who is in federal custody and claims that his sentence "was imposed in violation of the Constitution or laws of the United States ... or is otherwise subject to collateral attack" may move to have his sentence vacated, set aside, or corrected under 28 U.S.C. § 2255. But a defendant who has served his sentence and been released from custody has no statutory avenue to relief from the lingering collateral consequences of an unconstitutional or unlawful conviction based on errors of fact.

Yasui, 772 F.2d at 1498.

Here, Petitioner is challenging two state convictions. Accordingly, coram nobis is not an available remedy, and the petition must be dismissed.

**RECOMMENDATION**

Accordingly, IT IS HEREBY RECOMMENDED that the petition for writ of habeas corpus be DISMISSED with prejudice.

This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days (plus three days for mailing) after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **July 21, 2007**                    /s/ **Dennis L. Beck**
                                        UNITED STATES MAGISTRATE JUDGE